Judge Owfe.v
delivered the opinion of the court.
Cox having under a deed of conveyance from Vanmeter, *311 recovered judgment in an action of ejectment against Os-burne and Hobbs, they filed their bill with injunction, asserting a better equity through a certain James Adams, to whom they charge that Vanmeter, before he .conveyed to Cox, gave his obligation to convey the land, and as they al-ledge Cox to have bad notice of their equity, before he obtained a conveyance, they insist he should be compelled to surrender the title.
^ purch*. a trustee, with notice of the ⅛⅞⅛ subject to the trust.
pUrClhagertlle holdsanequi-tv prior to Ér’,tsisti-tie will be P™^^. [,⅛ e. quity.
The court below, on a final hearing, being of opinion that Osburne and Hobbs were entitled to relief, decreed Cox to convey, and from that decree he has appealed to this court.
Assuming the fact to be, as the bill of the complainants álledges, that Cox derived his claim to the land by his purchase from Vanmeter, there could be no doubt, as that purchase must have been subsequent to the bond given by Van-meter to Adams, through whom the complainants claim, and as Cox had notice of Adam’s claim before he obtained a deed from Vanmeter, but that Cox ought to be compelled to surrender the title.
But from the answer of Cox, although he admits that he obtained the title from Vanmeter, he alledges that the conveyance was made, not by bis purchase from Vanmeter, but through Smily, to whom Vanmeter, by a contract pro viouslymade to locate the land, was bound to convey; and as the evidence in the cause satisfactorily proves the aliga-tions of Cox’s answer in that respect, he has sufficiently shewn, through Smily, the locator, an equity prior in date to that of Adams, and, consequently, to the extent of that equity, although he may have had notice of the complainant’s claim before he obtained a conveyance, he ought not to be compelled to surrender bis title.
But, as from the evidence and exhibits, Smily must be considered as having been entitled to an undivided half of the land only, Cox, as deriving title through him, cannot protect himself in a greater portion; but for the one moiety, he ought to be compelled to'convey to the complainants.
The circumstance of Vanmeter being jointly interested with Smily, when he gave the obligation to Adams, cannot have authorised him, without the assent of Smily, to dispose of his interest. He might, it is true, as he was invested with the legal title in severalty, have conveyed it, either to Adams or any other; but, then, if those to-whom the conveyance was made, should be shewn to have had *312 notice of Sffiily’s claim, as Vanmeter held the title sub-iect to bis equity, so the devisee would also be subject to it, J , _ . 1 A f I • •* .
Hughes for appellants, Wickliffe and B. Hardin contra.
, _ . f •* . As Cox has, therelore, shewn a prior equity to one moiety of the land, the decree of the court below, compelling him to convey the whole to the complainants, must be reversed with cost, and the cause remanded to that court, for further proceedings to be had, according to the principles of this opinion*